```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEBRASKA

NICHOLAS LAGRASTA and           )
DOMENICO LAGRASTA,              )
                                )
              Plaintiffs,       )        4:05CV3265
                                )
       v.                       )
                                )
WACHOVIA CAPITAL MARKETS,       )        MEMORANDUM AND ORDER
LLC,                            )
                                )
              Defendant.        )
```

Defendant has filed a motion to quash a subpoena issued from this court at the request of plaintiffs in *Lagrasta et al. v. Wachovia Capital Markets, LLC.*, ("Wachovia"), Case no 2:01-cv-251 pending in the Middle District of Florida. That subpoena, issued October 4, 2005 in accordance with *Fed. R. Civ. P.* 45, directs the Nebraska Department of Banking and Finance ("Department") to produce "any and all documents regarding the investigation by the Nebraska Department of Banking & Finance of Wachovia, headquartered in Charlotte, North Carolina, for possible conflicts between its investment banking unit and its analysts." Filings 1 and 2. Wachovia filed its motion to quash in accordance with Rule 45(c)(3)(A)(iii) and (B) and served both the plaintiffs' counsel and the Department. Plaintiffs have responded to the motion; the Department has not.

Wachovia's bases for the motion are:

> The subpoena's request is overly broad, in that it seeks documents not specifically related to plaintiffs' claims in this case, i.e. Wachovia's "strong buy" recommendation on the stock of the corporation Ask Jeeves;

> The subpoena requests production if irrelevant documents;

>     The subpoena requests production of privileged or trade secret information and documents, and Wachovia's providing them to the Department did not waive the applicable privilege; and
>
>     The existence of a stipulation of confidentiality between the parties does not alleviate the harm to Wachovia of the documents' production.

Substitute Brief in Support of Motion, Filing 8, and Reply Brief, Filing 24.

   Plaintiffs have responded, arguing:

>     The documents are relevant or reasonably calculated to lead to the discovery of admissible evidence;
>
>     The parties' confidentiality agreement, Filing 20, Exhibit E, protects Wachovia from additional, unauthorized disclosure of confidential material; and
>
>     The question of any claimed privileges can be addressed by the production of a privilege log.

   The Department, although given notice of the motion, has not appeared before this court; however, its counsel did sign an affidavit which states that the Department has no objection to the production of any of the requested documents.  Affidavit of Sheila Cahill, Filing 20, Exhibit C.

   Having now completed reviewing the voluminous materials filed in support of and in opposition to the motion, I conclude that the motion should be granted in part, and I shall narrow the scope of the subpoena and order the Department to produce the remaining documents.  I shall also require Wachovia to prepare and serve a privilege log to apprise plaintiffs of the specific documents they claim are privileged.

I am not at all convinced by the plaintiffs' arguments on relevance.  *Fed. R. Civ. P.*  26(b), as amended in 2000, restricted the scope of relevance to materials and information which are "relevant to the claim or defense of any party...."  Most of the authority cited by plaintiffs' brief refers to the former standard, relevance to the "subject matter of the action."  Although the current rule permits the court, upon a showing of good cause, to expand the scope of discovery to the former limits, there is nothing before me which indicates that the court in which this action is pending has been requested to rule or has ruled that the former, broader standard should apply in this case.

Although plaintiffs make an attempt to argue that their complaint raises issues concerning the defendant's actions regarding its recommendations and/or attempts to win investment banking business from "other companies" in addition to Ask Jeeves, I conclude that such actions are not part of the plaintiffs' claims as set forth in their Second Amended Complaint.  Those allegations pertain only to Ask Jeeves and the particular analyst involved in the "strong buy" recommendation, Carolyn Trabuco.  I shall restrict the department's document production to only those documents which either name or refer to, or in some way disclose, reflect or explain actions taken by Ask Jeeves, or Carolyn Trabuco, or otherwise pertain to the defendant's actions, through its agents and employees, in relation to Ask Jeeves or Carolyn Trabuco.

Though claiming privileges, the defendant has not prepared a privilege log to explain its claims of privilege, work product, trade secret, or other confidential business information, so it would appear difficult for the department to know what specific documents to produce.  I shall order the production of such a log and the procedure to create it.

As neither side has made arguments that were not "substantially justified," it would not be appropriate to impose expenses and fees.  Accordingly,

IT THEREFORE HEREBY IS ORDERED:

1.  The Department shall, within twenty days, prepare a listing of all documents in its possession which conform to the restricted scope of relevance to this action, as explained above. Such listing should, if possible, include bates numbers or other specific page designations.  In addition, the Department shall provide defendant copies of any such documents that discussion between counsel identifies that defendant does not now have.

2.  Defendant shall, within 15 days following the Department's providing the list of documents, provide to plaintiffs' counsel and counsel for the Department, a log disclosing each document produced and each document withheld from production, and with respect to each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

3.  Each party shall bear its own expenses with respect to this discovery matter.

4.  The clerk shall send or e-mail a copy of this memorandum and order to counsel for the Nebraska Department of Banking and Finance.

DATED this 19th day of December, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge